Workman, Justice,
dissenting:
The majority, usually slavishly devoted to statutory law, ignores a clear statute governing this issue. West Virginia Code § 16-29-1, providing guidelines for furnishing health care records, expressly provides that “[t]he provisions of this article may be enforced by a patient, authorized agent or authorized representative....” Thus, the trial court was absolutely correct in ruling that Mr. Crook-shanks could assert a violation of the reasonable fee standards of West Virginia Code § 16-29-2, despite the fact that the expense was advanced by his attorney, as is customary and perfectly proper. The statute prohib *246 its excessive charges and specifies that “the person requesting records” shall “pay a reasonable, cost-based fee.” In this instance, the records were requested and paid for by Mr. Crookshanks’ lawyers. Lawyers routinely advance expenses for their clients; this is not an extraordinary or infrequent occurrence. Dismissing Mr. Crookshanks’ claim on that basis is ludicrous, utterly unwarranted, and legally wrong. It flies in the face of clear law and continues the majority march against consumer rights. Consequently, I respectfully dissent and likewise join in Justice Davis’ separately filed dissent.